# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WELLS FARGO BANK, N.A.,

    Plaintiff(s),

v.

FIDELITY NATIONAL TITLE GROUP, INC., et al.,

    Defendant(s).

Case No.: 2:20-cv-02156-APG-NJK

**Order**

[Docket No. 32]

Pending before the Court is a stipulation to extend the expert disclosure deadline and subsequent deadlines in the scheduling order by 30 days. Docket No. 32. A request to extend deadlines requires a showing of good cause, Local Rule 26-3, which turns on whether those deadlines cannot reasonably be met despite the diligence of the party or parties seeking the extension, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Diligence is entirely lacking here. The parties were ordered to provide initial disclosures by February 26, 2021, but have violated that order. Docket No. 32 at 2-3. Discovery propounded nearly three months ago by Fidelity National, including interrogatories and requests for production, remains almost entirely unanswered. *See id.*[1] No further discovery efforts have been identified.[2] As

---

[1] Responses were provided only for requests for admission.

[2] The parties have been discussing a stipulation to stay discovery. *See id.* at 3. Although no order has issued allowing a stay of discovery, it appears the parties have granted one to themselves while they have been discussing the issue. Of course, any stipulation to stay discovery requires judicial approval. *See, e.g.*, Fed. R. Civ. P. 29(b) (discovery-related agreements require Court approval to the extent they interfere with discovery deadlines). Parties are required to proceed with discovery with appropriate diligence notwithstanding that such a stipulation is being contemplated or has even been filed. *See, e.g.*, *Willemijn Houdstermaatschaapij BV v. Apollo Comp. Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989).

1

effectively no discovery has taken place to date, the Court is unable to find that the expert disclosure deadline as currently set could not be met through the exercise of reasonable diligence.

In short, the basic diligence required for the showing of good cause necessary to obtain an extension is lacking here.  As a <u>one-time courtesy</u> to the parties, however, the Court will extend the expert disclosure deadline by one week to April 1, 2021.  All other deadlines in the scheduling order remain unchanged.  Consistent with the above, the stipulation to extend is **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: March 25, 2021

_____
Nancy J. Koppe
United States Magistrate Judge