1  Scott E. Gizer, Esq., Nevada Bar No. 12216
     sgizer@earlysullivan.com
2  Sophia S. Lau, Esq., Nevada Bar No. 13365
     slau@earlysullivan.com
3  EARLY SULLIVAN WRIGHT
     GIZER & McRAE LLP
4  8716 Spanish Ridge Avenue, Suite 105
   Las Vegas, Nevada 89148
5  Telephone:  (702) 331-7593
   Facsimile:  (702) 331-1652
6
   Kevin S. Sinclair, State Bar Number 12277
7    ksinclair@sinclairbraun.com
   SINCLAIR BRAUN LLP
8  16501 Ventura Blvd, Suite 400
   Encino, California 91436
9  Telephone:  (213) 429-6100
   Facsimile:  (213) 429-6101
10
   Attorneys for Defendants
11 FIDELITY NATIONAL TITLE GROUP, INC. and FIDELITY
   NATIONAL TITLE INSURANCE COMPANY
12
   DESIGNATED LOCAL COUNSEL FOR SERVICE OF
13 PROCESS ON SINCLAIR BRAUN LLP PER L.R. IA 11-1(b)

14 Gary L. Compton, State Bar No. 1652
   2950 E. Flamingo Road, Suite L
15 Las Vegas, Nevada 89121

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., ET AL.,<br><br>　　　　　　　Defendants. | Case No.: 2:20-CV-02156-APG-NJK<br><br>**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL** |

Plaintiff Wells Fargo Bank, N.A. and Defendants Fidelity National Title Group, Inc. and Fidelity National Title Insurance Company (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

**WHEREAS**, this is one of several a title insurance coverage disputes pending in this



district following an HOA foreclosure sale. The majority of cases concern the ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement;

**WHEREAS**, one such matter is on appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"). The parties to that case—whose counsel are also counsel in this action—have been advised that the Ninth Circuit is considering the *Wells Fargo II* Appeal for oral argument sometime in the Summer of 2021;

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the title insurance policy that could potentially affect the disposition of this action, particularly given some of the similarities between the policy at issue in *Wells Fargo II* Appeal and the policy here;

**WHEREAS,** since February 2021, counsel for the Parties in this case and for the parties in many of the other title insurance disputes referenced above have been in discussions to stay many of these cases pending the *Wells Fargo II* Appeal, and the Parties have now come to terms regarding the contours of the proposed stay in this case and many of the other title insurance disputes;

**WHEREAS**, because the *Wells Fargo II* Appeal has the potential to resolve certain matters at issue in this case, the Parties stipulate and agree that a stay of discovery in this particular case pending the outcome *Wells Fargo II* Appeal is appropriate;

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. Discovery between the Parties in the instant action shall immediately be **STAYED** pending the disposition of the *Wells Fargo II* Appeal. The Parties shall not file any motions to enforce Party discovery while this stay is pending.
2. The Parties shall not file any additional dispositive motions while this stay is pending.
3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.



**STIPULATION TO STAY CASE PENDING *WELLS FARGO II* APPEAL**

4. The scheduling order previously entered in this action shall be hereby **VACATED**.

5. Each of the Parties may request a further Fed. R. Civ. P. 26(f) conference at any time 180 days after the order granting this stipulation.

6. By entering into this stipulation, none of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

7. Nothing contained in this stipulation will prevent the Parties from propounding and enforcing subpoenas to third parties.

Dated: March 25, 2021         WRIGHT, FINLAY & ZAK

                              By:  /s/-Darren T. Brenner
                                   DARREN T. BRENNER
                                   Attorneys for Plaintiff
                                   WELLS FARGO BANK, N.A.

Dated: March 25, 2021         SINCLAIR BRAUN LLP

                              By:  /s/-Kevin S. Sinclair
                                   KEVIN S. SINCLAIR
                                   Attorneys for Defendants
                                   FIDELITY NATIONAL TITLE GROUP,
                                   INC. and FIDELITY NATIONAL TITLE
                                   INSURANCE COMPANY

**IT IS SO ORDERED.**

Dated this 25th day of March, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

